**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**



POSITIVE TECHNOLOGIES, INC.,

      Plaintiff,

      v.

FUJITSU AMERICA, INC., HITACHI
AMERICA LTD., MITSUBISHI DIGITAL
ELECTRONICS AMERICA, INC.,
PANASONIC CORP. OF NORTH
AMERICA, PHILIPS ELECTRONICS
NORTH AMERICA CORP., PIONEER
ELECTRONICS (USA), INC., SAMSUNG
ELECTRONICS AMERICA, AND SHARP
ELECTRONICS CORP.,

      Defendants.

CAUSE NO. 2:06CU22
Jury Trial Demanded    TJW

---

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Positive Technologies, Inc. ("Positive Technologies") complains against Defendants Fujitsu America, Inc. ("Fujitsu"), Hitachi America Ltd. ("Hitachi"), Mitsubishi Digital Electronics America, Inc. ("Mitsubishi"), Panasonic Corp. of North America ("Panasonic"), Philips Electronics North America Corp. ("Philips"), Pioneer Electronics (USA), Inc. ("Pioneer"), Samsung Electronics America ("Samsung"), and Sharp Electronics Corp. ("Sharp") as follows:

### I.    JURISDICTION AND VENUE.

1. This is an action for patent infringement arising under the patent laws of the United States (Title 35 of the United States Code). The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has personal jurisdiction over the Defendants in that each of them has committed acts within Texas and

this judicial district which give rise to this action and each of the Defendants has established

minimum contacts with the forum such that the exercise of jurisdiction over these Defendants

would not offend traditional notions of fair play and substantial justice.

2      Each of the Defendants has committed acts within this judicial district giving

rise to this action, including making sales, offering for sale and providing service and support

to their respective customers in this district   Accordingly, venue is proper in this district

pursuant to 28 U.S.C. § 1391(b) and § 1400.

## II.   THE PARTIES.

3      Plaintiff Positive Technologies is a corporation organized under the laws of

California   Through its founder, Robert Hotto, Positive Technologies pioneered the

development of several technologies in the field of adaptive displays used in the plasma and

LCD display fields

4.      Defendant Fujitsu is a corporation organized under the laws of Delaware,

having its principal place of business in California.  Fujitsu is registered to do business as a

foreign corporation in Texas and is doing business in this judicial district, in Texas and

elsewhere throughout the United States.  Fujitsu's foreign corporation registration lists CT

Corporation System, located at 350 N. St. Paul Street, Dallas, TX  75201, as its registered

agent for service of process.

5.      Defendant Hitachi is a corporation organized under the laws of New York,

having its principal place of business in New York, and doing business in this judicial

district, in Texas and elsewhere throughout the United States   Hitachi's corporate

registration lists CT Corporation System, located at 111 Eighth Avenue, New York, NY

10011, as its registered agent for service of process.

6.      Defendant Mitsubishi is a corporation organized under the laws of Delaware,

having its principal place of business in California, and doing business in this judicial district, in Texas and elsewhere throughout the United States Mitsubishi's corporate registration lists The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its registered agent for service of process.

7. Defendant Panasonic is a corporation organized under the laws of Delaware, having its principal place of business in New Jersey. Panasonic is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States. Panasonic's foreign corporation registration lists CT Corporation System, located at 350 N. St Paul Street, Dallas, TX 75201, as its registered agent for service of process.

8. Defendant Philips is a corporation organized under the laws of Delaware, having its principal place of business in New York. Philips is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas, and elsewhere throughout the United States. Philips' foreign corporation registration lists Corporation Service Company, located at 701 Brazos Street, Suite 1050, Austin, TX 78701, as its registered agent for service of process.

9. Defendant Pioneer is a corporation organized under the laws of Delaware, having its principal place of business in California, and doing business in this judicial district, in Texas and elsewhere throughout the United States. Pioneer's corporate registration lists The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its registered agent for service of process

10. Defendant Samsung is a corporation organized under the laws of New York, having its principal place of business in New Jersey and doing business in this judicial

district, in Texas, and elsewhere throughout the United States. Samsung's corporate registration lists CT Corporation System, located at 111 Eighth Avenue, New York, NY 10011, as its registered agent for service of process.

11.     Defendant Sharp is a corporation organized under the laws of New York, having its principal place of business in New Jersey. Sharp is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas, and elsewhere throughout the United States. Sharp's foreign corporation registration lists CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201, as its registered agent for service of process.

III.    FACTUAL ALLEGATIONS.

A.      The Patents-in-Suit.

12      On August 22, 1995, United States Patent No. 5,444,457 (the " '457 Patent") entitled "DC Integrating Display Driver Employing Pixel Status Memories" issued to Robert Hotto. (A copy of the '457 Patent is attached hereto as Exhibit A.) The entire right, title and interest to the '457 Patent has been assigned to Positive Technologies. Positive Technologies is now, and at all relative times has been, the owner and possessor of all rights pertaining to the '457 Patent.

13      On May 6, 1997, United States Patent No. 5,627,558 (the " '558 Patent") entitled "DC Interating [sic] Display Driver Employing Pixel Status Memories" issued to Robert Hotto. (A copy of the '558 Patent is attached hereto as Exhibit B.) The entire right, title and interest to the '558 Patent has been assigned to Positive Technologies. Positive Technologies is now, and at all relative times has been, the owner and possessor of all rights pertaining to the '558 Patent.

14.     On November 3, 1998, United States Patent No. 5,831,588 (the " '588

Patent") entitled "DC Integrating Display Driver Employing Pixel Status Memories" issued to Robert Hotto. (A copy of the '588 Patent is attached hereto as Exhibit C.) The entire right, title and interest to the '588 Patent has been assigned to Positive Technologies Positive Technologies is now, and at all relative times has been, the owner and possessor of all rights pertaining to the '588 Patent.

**B.      Infringement of the Patents-in-Suit.**

**1.      Infringement of the '457 Patent.**

15     Defendants Mitsubishi, Panasonic, Samsung, and Sharp (the " '457 Defendants") manufacture, use, sell, offer to sell, and/or market several types of consumer electronics, including but not limited to televisions using an LCD display (the "LCD TVs")

16     The '457 Defendants are and have been infringing, contributing to the infringement of, and inducing others to infringe one or more of the claims of the '457 Patent through the unauthorized manufacture, use, sale and offering for sale of LCD TVs within the United States.

17.     The '457 Defendants are infringing, inducing the infringement of, and contributing to the infringement of one or more of the claims of the '457 Patent.

18     On information and belief, the LCD TVs perform in a normal course of operation each and every step recited in one or more of the claims of the '457 Patent

**2.      Infringement of the '558 Patent.**

19     Defendants Mitsubishi, Panasonic, Samsung, and Sharp (the " '558 Defendants") manufacture, use, sell, offer to sell, and/or market several types of LCD TVs.

20.     The '558 Defendants are and have been infringing, contributing to the infringement of, and inducing others to infringe one or more of the claims of the '558 Patent

through the unauthorized manufacture, use, sale and offering for sale of LCD TVs within the United States.

21    The '558 Defendants are infringing, inducing the infringement of, and contributing to the infringement of one or more of the claims of the '558 Patent.

22    On information and belief, the LCD TVs perform in a normal course of operation each and every step recited in one or more of the claims of the '558 Patent.

**3.    Infringement of the '588 Patent.**

23    Defendants Fujitsu, Hitachi, Mitsubishi, Panasonic, Philips, Pioneer and Samsung (the " '588 Defendants") manufacture, use, sell, offer to sell, and/or market several types of consumer electronics, including but not limited to televisions using a plasma display (the "Plasma TVs")

24.    The '588 Defendants are and have been infringing, contributing to the infringement of, and inducing others to infringe one or more of the claims of the '588 Patent through the unauthorized manufacture, use, sale and offering for sale of Plasma TVs within the United States.

25    The '588 Defendants are infringing, inducing the infringement of, and contributing to the infringement of one or more of the claims of the '588 Patent

26    On information and belief, the Plasma TVs perform in a normal course of operation each and every step recited in one or more of the claims of the '588 Patent

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '457 PATENT)
### Against Mitsubishi, Panasonic, Samsung, and Sharp

27. Positive Technologies realleges and incorporates by reference the allegations contained in paragraphs 1 - 26.

28. The '457 Defendants have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '457 patent by making, suing, offering to sell, selling and/or importing into the United States infringing products within this district and elsewhere.

29. On information and belief, the '457 Defendants are and have been willfully infringing one or more of the claims of the '457 Patent.

30. As a result of the '457 Defendants' infringement of the '457 Patent, Positive Technologies has suffered irreparable harm for which Positive Technologies has no adequate remedy at law. Unless enjoined by this Court, the '457 Defendants' infringement of the '457 Patent will continue and will result in further irreparable harm to Positive Technologies.

31. Positive Technologies is entitled to recover damages from the '457 Defendants adequate to compensate for the infringement

## SECOND CAUSE OF ACTION
## (INFRINGEMENT OF THE '558 PATENT)
### Against Mitsubishi, Panasonic, Samsung, and Sharp

32. Positive Technologies realleges and incorporates by reference the allegations contained in paragraphs 1 - 31.

33. The '558 Defendants have directly and contributorily infringed, and have induced others to infringe, one or more claims of the '558 patent by making, suing, offering to sell, selling and/or importing into the United States infringing products within this district

7.

and elsewhere.

34. On information and belief, the '558 Defendants are and have been willfully infringing one or more of the claims of the '558 Patent

35. As a result of the '558 Defendants' infringement of the '558 Patent, Positive Technologies has suffered irreparable harm for which Positive Technologies has no adequate remedy at law   Unless enjoined by this Court, the '558 Defendants' infringement of the '558 Patent will continue and will result in further irreparable harm to Positive Technologies.

36. Positive Technologies is entitled to recover damages from the '558 Defendants adequate to compensate for the infringement.

## THIRD CAUSE OF ACTION
## (INFRINGEMENT OF THE '588 PATENT)
### Against Fujitsu, Hitachi, Mitsubishi, Panasonic, Philips, Pioneer, and Samsung

37. Positive Technologies realleges and incorporates by reference the allegations contained in paragraphs 1 - 36

38. The '588 Defendants have directly and contributorily infringed, and have induced others to infringe, one or more claims of the '588 patent by making, suing, offering to sell, selling and/or importing into the United States infringing products within this district and elsewhere

39. On information and belief, the '588 Defendants are and have been willfully infringing one or more of the claims of the '588 Patent

40. As a result of the '588 Defendants' infringement of the '588 Patent, Positive Technologies has suffered irreparable harm for which Positive Technologies has no adequate remedy at law   Unless enjoined by this Court, the '588 Defendants' infringement of the '588 Patent will continue and will result in further irreparable harm to Positive Technologies.

41.   Positive Technologies is entitled to recover damages from the '588 Defendants adequate to compensate for the infringement.

## DEMAND

WHEREFORE, Positive Technologies respectfully requests the following relief:

a)   That this Court adjudge and decree that Defendants have been and are currently infringing, inducing others to infringe, and committing acts of contributory infringement with respect to the '457, '558 and '588 Patents;

b)   That this Court enter an order that Defendants and its officers, agents, servants, employees, successors and assigns, and those persons acting in concert with them, be preliminarily and permanently enjoined from infringing, inducing others to infringe, and committing acts of contributory infringement with respect to the '457, '558 and '588 Patents;

c)   That this Court award damages to Positive Technologies to compensate it for each of the unlawful actions set forth in Positive Technologies' complaint;

d)   That this Court award interest on such damages to Positive Technologies;

e)   That this Court treble the damages awarded to Positive Technologies pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 15(a) as a consequence of Defendants' willful infringement of the '588 Patent;

f)   That this Court determine that this patent infringement case is exceptional and award Positive Technologies its costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

g)   That this Court award such other relief as the Court deems just and proper.

Dated:  January 18, 2006

Respectfully submitted,

James P. Brogan
Attorney-in-charge
Chad T. Nitta
Carolyn V. Juarez
COOLEY GODWARD LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
Telephone:    (720) 566-4000
Facsimile:    (720) 566-4099

OF COUNSEL:

Collin M. Maloney
Texas State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX  75703
Telephone:    (903) 561-1600
Facsimile:    (903) 581-1071


Thomas J. Friel
COOLEY GODWARD LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Kevin Zimmer
COOLEY GODWARD LLP
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420


ATTORNEYS FOR POSITIVE TECHNOLOGIES,
INC.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues triable thereby.

Dated: January 18, 2006

Respectfully submitted,

James P. Brogan /CMM w/ permission

James P. Brogan
Attorney-in-charge
Chad T. Nitta
Carolyn V. Juarez
COOLEY GODWARD LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone:    (720) 566-4000
Facsimile:    (720) 566-4099

OF COUNSEL:

Collin M. Maloney
Texas State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone:    (903) 561-1600
Facsimile:    (903) 581-1071

Thomas J. Friel
COOLEY GODWARD LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Kevin Zimmer
COOLEY GODWARD LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

ATTORNEYS FOR POSITIVE TECHNOLOGIES,
INC.

246141 v1/CO
01/18/06 11:54 AM