IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| POSITIVE TECHNOLOGIES, INC.<br><br>   Plaintiff,<br><br> v.<br><br>BENQ AMERICA CORP., FUJITSU GENERAL AMERICA, INC., JVC AMERICAS CORP., MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC., NEC DISPLAY SOLUTIONS OF AMERICA, INC., PANASONIC CORP. OF NORTH AMERICA, PHILIPS ELECTRONICS NORTH AMERICA CORP., PROVIEW TECHNOLOGY, INC., REGENT U.S.A., INC., SAMSUNG ELECTRONICS AMERICA, INC., SHARP ELECTRONICS CORP., TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C., AND V, INC.,<br><br>   Defendants,<br><br>And<br><br>LG.PHILIPS LCD CO., LTD. AND SAMSUNG SDI CO., LTD.<br><br>   Intervenors. | CASE Nos. 2:06-CV-22 TJW and<br>2:07-CV-67 TJW |

**STIPULATED MOTION TO ENTER A DOCKET CONTROL ORDER IN CASE NO. 2:07-CV-67, TO AMEND THE COMPLAINT IN CASE NO. 2:07-CV-67, AND TO DISMISS CASE NO. 2:06-CV-22 WITHOUT PREJUDICE**

The parties jointly and respectfully request that the Court enter the attached

Proposed Order To Enter A Docket Control Order In Case No. 2:07-CV-67, To Amend

The Complaint In Case No. 2:07-CV-67, And To Dismiss Case No. 2:06-CV-22 Without

Prejudice. Pursuant to the Court's instructions at the March 6, 2007 Case Management

Conference, the parties have agreed to the terms of this Order after extensive deliberation.

As the Court is aware, Positive Technologies, Inc. a California corporation ("PTI-California") is the plaintiff in case No. 2:06-CV-22 ("the first action"). In its Complaint in the first action, PTI-California alleged several counts of patent infringement against the defendants. PTI-California, however, did not own the asserted patents when it filed its Complaint. Positive Technologies, a Nevada corporation ("PT-Nevada") was the true owner. Because PTI-California lacked title at the time it filed its Complaint, PT-Nevada filed a new Complaint, which was assigned Case No. 02:07-CV-67 ("the second action"). During the case management conference for the first action, the Court requested that the parties work together to "clean up" the pleadings.

The Parties have worked diligently since then to arrive at this Joint Motion. Defendants have agreed to stipulate to dismiss the first action without prejudice. The defendants have also agreed that PT-Nevada could amend the Complaint in the second action to add U.S. Patent No. 5,280,280 ("the '280 patent") and to assert additional infringement claims against certain of the defendants.[1]

In return, PT-Nevada agreed to stipulate to a schedule in the second action that provides sufficient time for the parties to fully investigate their claims and defenses and that discovery provided in Case 2:06-CV-22 shall be deemed served in Case No. 2:07-CV-67, as if provided therein. As part of the proffered schedule, the parties request that the Court reschedule the *Markman* hearing and jury selection dates to Mid-March, 2008

---

[1] Plaintiff further notes that the Amended Complaint will remove claims against V, Inc. under U.S. Patent No. 5,831,588.

and September 8, 2008, respectively (or to dates convenient for the Court), to allow the parties sufficient time to prepare.

Accordingly, the parties agree that the following schedule should be entered in the second action:

| No. | Date | Event |
|---|---|---|
| 1 | March 23, 2007 | Plaintiff's Disclosure of Asserted Claims & Infringement Contentions and related Document Production, including documents relating to Conception, Actual reduction to Practice and Diligence.  P.R. 3-1; P.R. 3-2. |
| 2 | July 5, 2007 | Rule 26(a) Initial Disclosures, including identity of persons & documents, computation of damages & any applicable indemnity agreements.  Fed.R.Civ.P. 26(a)(1).  Judge Ward's Discovery Order Par. 1. |
| 3 | July 5, 2007 | Join Additional Parties. |
| 4 | August 27, 2007 | Parties to Produce Damages Documents & anything not covered by P.R. 3-4.  Judge Ward's Discovery Order Par. 3 |
| 5 | August 27, 2007 | Defendants' Invalidity Contentions and related Document Production, including source code, specifications, schematics, flow charts, artwork, formulas, etc.  P.R. 3-3, 3-4. |
| 6 | September 10, 2007 | Privilege Logs to be Exchanged by Parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| 7 | October 17, 2007 | Plaintiff to Comply with with P.R. 3-1(h) |
| 9 | November 2, 2007 | Parties To Exchange Claim Terms For Construction.  Judge Ward's Modification to P.R. 4-1. |
| 9 | November 16, 2007 | Parties To Exchange Preliminary Claim Constructions & Extrinsic Evidence.  P.R. 4-2. |
| 10 | November 30, 2007 | Amend Pleadings |
| 11 | December 7, 2007 | Defendants to comply with P.R. 3-3(f) |
| 12 | December 7, 2007 | Joint Claim Construction & Prehearing Statement.  Judge Ward's Modification to P.R. 4-3. |

| No. | Date | Event |
|---|---|---|
| 13 | December 14, 2007 | Respond to Amended Pleadings. |
| 14 | December 21, 2007 | Completion of Claim Construction Discovery.  P.R. 4-4. |
| 15 | January 4, 2008 | Plaintiff's Opening Markman Brief Due.  P.R. 4-5(a). |
| 16 | January 30, 2008 | Defendants' Responsive Markman Brief Due.  P.R. 4-5(b). |
| 17 | February 8, 2008 | Plaintiff's Reply Markman Brief due.  P.R. 4-5(c). |
| 18 | February 26, 2008 | Parties To File Joint Claim Construction Chart.  P.R. 4-5(d). |
| 19 | Mid-March, 2008 | Markman Hearing.  P.R. 4-6. |
| 20 | MR | Markman Ruling ("MR") |
| 21 | MR+15 days | Willfulness Production Due P.R. 3-7 |
| 22 | MR+30 days | Opening Expert Reports Due |
| 23 | MR+30 days | *(Optional)* Plaintiff's Amended Infringement Contentions Due.  P.R. 3-6(a)(1). |
| 24 | MR+50 days | *(Optional)* Defendants' Amended Invalidity Contentions Due.  P.R. 3-6(a)(2). |
| 25 | MR+60 days | Rebuttal Expert Reports Due |
| 26 | May 30, 2008 | Discovery Deadline |
| 27 | May 30, 2008 | Plaintiff to Identify Trial Witnesses |
| 28 | June 13, 2008 | Defendants to Identify Trial Witnesses |
| 29 | July 14, 2008 | Deadline for Filing Dispositive Motions (Including *Daubert* Motions) |
| 30 | July 29, 2008 | Response to Dispositive Motions Due (Including *Daubert* Motions) |
| 31 | August 8, 2008 | Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings. |
| 32 | August 8, 2008 | Pretrial Disclosures Due |
| 33 | August 22, 2008 | Joint Pretrial Order, Joint Proposed Jury Instructions, Objections to |

| No. | Date | Event |
|---|---|---|
|  |  | Pretrial Disclosures, and Form of the Verdict Due |
| 34 | August 25, 2008 | Motions *In Limine* Due |
| 35 | August 28, 2008 | Pretrial Conference |
| 36 | September 8, 2008 | Jury Selection |

The parties jointly and respectfully request that the Court enter the attached Order.

Respectfully Submitted,

_____
Scott E. Stevens
State Bar No. 00792024
Stevens Law Firm
P.O. Box 807
Longview, Texas 75606
(903) 753-6760 (phone)
(903) 753-6761 (fax)
scott@seslawfirm.com

Kevin P.B. Johnson
Quinn Emanuel Urquhart Oliver
& Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065-2139
(650) 801-5000 (p)
(650) 801-5100 (f)
kevinjohnson@quinnemanuel.com
**Attorneys for Samsung Electronics America**

**CERTIFICATE OF CONFERENCE**

Counsel for Samsung Electronics America, Inc. discussed the above Motion with counsel for Plaintiff and counsel for all other Defendants, on May 10, 2007, and all parties are unopposed to the Motion.

_____
Scott E. Stevens

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile on this the 10TH day of May, 2007.

_____
Scott E. Stevens